ASSISTANT DISTRICT ATTORNEY — SALARY Full-time prosecution experience gained by a person under a temporary permit to practice law prior to his formal admission to the Bar does count as "experience in the general practice of law" as used in 19 O.S. 215.15 [19-215.15] (1974). The Attorney General has considered your opinion request wherein you ask, in effect, the following question: Does full-time prosecution experience gained by a person under a temporary permit to practice law prior to his formal admission to the Bar count as "experience in the general practice of law" as used in 19 O.S. 215.15 [19-215.15] (1974)? Section 19 O.S. 215.15 [19-215.15] relates to the salaries of full-time assistant district attorneys and provides in pertinent part: "Full-time assistants with less than one (1) year's experience in the general practice of law shall receive a salary of not more than sixty-five percent (65%) nor less than sixty percent (60%) of the salary of the district attorney of his district. Full-time assistants with over one (1) but less than two (2) years' experience shall draw not more than seventy percent (70%) nor less than sixty percent (60%) of the salary of the district attorney of his district. Full-time assistants with over two (2) years' experience but less than three (3) years' experience shall draw not more than eighty percent (80%) nor less than sixty percent (60%) of the salary of the district attorney of his district. Assistants with over three (3) years' experience shall receive a salary of not more than ninety percent (90%) and not less than sixty percent (60%) of the salary of the district attorney of his district." Under 5 O.S. 1971 Chapter [5-Chapter] 1, Appendix 5, Rule 12, the Supreme Court of Oklahoma may grant a temporary permit to practice law to a person prior to formal admission to the Bar. The rule provides in pertinent part: "Temporary permits to practice law until the conclusion of the next succeeding bar examination and report of the results thereof may be granted upon the recommendation of the Board of Bar Examiners after a showing of public convenience and necessity. All applicants for a temporary permit to practice law shall file with the Executive Secretary of the Board of Bar Examiners an application for such temporary permit in addition to regular application for admission to the Bar, as provided by these rules." This temporary permit to practice contains no restrictions on the type of functions the permit holder may perform in his position. The only limitation on practice in his position is the time the permit is effective, only until the "next succeeding bar examination and report of the results thereof." The temporary permit is completely different from Legal Internship, which, under 5 O.S. 1971 Chapter [5-Chapter] 1, Appendix 6, grants law school underclassmen the right to appear with a supervising attorney in only enumerated actions. The limitations of Legal Internship do not apply to the temporary permit. Section 19 O.S. 215.15 [19-215.15], supra, bases salary limits on the amount of experience in the general practice of law an attorney has gained. It was the obvious intention of the Legislature to allow higher salaries to more experienced attorneys. It is reasonable to assume that an experienced lawyer may be a more valuable assistant district attorney than a completely inexperienced lawyer. Full-time prosecution work does qualify as "experience in the general practice of law" under Section 215.15. To rule otherwise would frustrate the intent of the statute by ignoring valid legal experience simply because it was gained under a temporary permit. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Full-time prosecution experience gained by a person under a temporary permit to practice law prior to his formal admission to the Bar does count as "experience in the general practice of law" as used in 19 O.S. 215.15 [19-215.15] (1974). (Daniel J. Gamino)